**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodolfo Antonio RODRIGUEZ,**
**Defendant–Appellant.**

No. 02–41694.

Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2003.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Rodolfo Antonio Rodriguez pleaded guilty to illegal reentry following deportation, a violation of 8 U.S.C. § 1326. Rodriguez raises two issues that he concedes are foreclosed, but he seeks to preserve them for further review.

---

Rodriguez argues that his prior conviction for possession of a controlled substance is not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). This argument is foreclosed by our decision in *United States v. Caicedo–Cuero,* 312 F.3d 697, 705–11 (5th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003).

Rodriguez argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rodriguez's argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.